UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>*Plaintiff*,<br><br>v.<br><br><br>PANASONIC HOLDINGS CORP. et al,<br><br>*Defendants*,<br><br>ZT GROUP INT'L, INC.,<br><br>*Defendant*,<br><br>ADVANTECH CO., LTD.,<br><br>*Defendant*,<br><br>MICRO-STAR INTERNATIONAL CO., LTD. et al,<br><br>*Defendants*,<br><br>CISCO SYSTEMS, INC.,<br><br>*Defendant*. | <br><br><br><br><br><br><br><br>**Civil Action No. 6:23-CV-00880-ADA**<br><br><br><br>**Civil Action No. 6:23-CV-00881-ADA**<br><br><br><br>**Civil Action No. 6:23-CV-00882-ADA**<br><br><br><br>**Civil Action No. 6:23-CV-00883-ADA**<br><br><br><br>**Civil Action No. 6:23-cv-00884-ADA** |

## SCHEDULING ORDER

Pursuant to the "Standing Order Governing Proceedings (OGP) 4.4-Patent Cases," the Court hereby **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| **Deadline [OGP Date]** | **Item** |
|---|---|
| August 16, 2024<br><br>[8 weeks after receiving or waiving service of complaint or 3 weeks after the CMC, whichever is later.] | Deadline to file a motion to transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| September 13, 2024<br><br>[7 weeks after CMC] | Defendant serves preliminary[1] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| September 27, 2024<br><br>[9 weeks after CMC] | Parties exchange claim terms for construction. |
| October 11, 2024<br><br>[11 weeks after CMC] | Parties exchange proposed claim constructions. |

---

[1] Per the OGP, the parties may amend preliminary contentions without leave of court so long as counsel certifies that the amending party undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Deadline [OGP Date] | Item |
|---|---|
| October 18, 2024<br><br>[12 weeks after CMC] | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| October 25, 2024<br><br>[13 weeks after CMC] | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| November 1, 2024<br><br>[14 weeks after CMC] | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| November 22, 2024<br><br>[17 weeks after CMC] | Plaintiff files Responsive claim construction brief. |
| December 6, 2024<br><br>[19 weeks after CMC] | Defendant files Reply claim construction brief. |
| December 20, 2024<br><br>[21 weeks after CMC] | Plaintiff files a Sur-Reply claim construction brief. |
| December 26, 2024<br><br>[3 business days after submission of sur-reply] | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| December 27, 2024<br><br>[22 weeks after CMC (but at least 10 days before *Markman* hearing)] | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

3

| **Deadline [OGP Date]** | **Item** |
|---|---|
| January 9, 2025<br><br>[23 weeks after CMC (or as soon as practicable)[3] – proposed date extended by four business days] | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| January 10, 2025<br><br>[1 business day after *Markman* hearing – proposed date based on above proposed *Markman* Hearing date] | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| February 14, 2025<br><br>[6 weeks after *Markman* hearing] | Deadline to add parties. |
| February 28, 2025<br><br>[8 weeks after *Markman* hearing] | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| April 25, 2025<br><br>[16 weeks after *Markman* hearing] | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| July 7, 2025<br><br>[26 weeks after *Markman*] | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| August 1, 2025<br><br>[30 weeks after *Markman* hearing] | Close of Fact Discovery. |
| August 8, 2025<br><br>[31 weeks after *Markman* hearing] | Opening Expert Reports. |

---

[3] All deadlines hereafter follow the original *Markman* hearing date according to the OGP calculation, except where otherwise indicated, and do not change if the Court delays the *Markman* hearing.

| **Deadline [OGP Date]** | **Item** |
|---|---|
| September 5, 2025<br><br>[35 weeks after *Markman* hearing] | Rebuttal Expert Reports. |
| September 26, 2025<br><br>[38 weeks after *Markman* hearing] | Close of Expert Discovery. |
| October 3, 2025<br><br>[39 weeks after *Markman* hearing] | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| October 10, 2025<br><br>[40 weeks after *Markman* hearing] | Dispositive motion deadline and Daubert motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed).<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civilforms/notice-consent-and-reference-civil-action-magistratejudge. |
| October 24, 2024<br><br>[42 weeks after *Markman* hearing] | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| November 7, 2025<br><br>[44 weeks after *Markman* hearing] | Serve objections to pretrial disclosures/rebuttal disclosures. |
| November 14, 2025<br><br>[45 weeks after *Markman* hearing] | Serve objections to rebuttal disclosures; file motions *in limine*. |

5

| **Deadline [OGP Date]** | **Item** |
|---|---|
| November 21, 2025<br><br>[46 weeks after *Markman* hearing] | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine*.<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| December 1, 2025<br><br>[47 weeks after *Markman* hearing – proposed date extended by one business day] | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br>Deadline to file replies to motions *in limine*. |
| December 5, 2025<br><br>[48 weeks after *Markman* hearing] | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| November 7, 2025<br><br>[8 weeks before trial] | Parties to jointly email the Court's law clerk (See OGP at 1) to confirm their pretrial conference dates, order of trials, and trial dates. |
| December 9, 2025<br><br>[3 business days before Final Pretrial Conference.] | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| December 12, 2025<br><br>[49 weeks after *Markman* hearing (or as soon as practicable)] | Final Pretrial Conference of the first case to be tried. Held in person unless otherwise requested. |

| **Deadline [OGP Date]** | **Item** |
|---|---|
| January 12, 2026<br><br>[52 weeks after *Markman* hearing (or as soon as practicable)[4]] | Jury Selection/Trial of the first case to be tried.[5] |

**SIGNED** this 22nd day of August, 2024.

                                                ALAN D ALBRIGHT
                                                UNITED STATES DISTRICT JUDGE

---

[4]  If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post- *Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

[5] ZT Systems' lead counsel has a preexisting trial setting that conflicts with this date and intends to seek an alternate trial date if its trial setting in this case conflicts with that other trial date.